THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.:  (415) 951-0535
Fax:  (415) 391-7808
Email: herlihy@kelher.com
       jferry@kelher.com

Attorneys for Defendant
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY (erroneously
sued as UNUMPROVIDENT
INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VIR'GINA HARRIS,<br><br>             Plaintiff,<br><br>     vs.<br><br>UNUMPROVIDENT INSURANCE COMPANY  and DOES One to Ten, inclusive,<br><br>             Defendants. | Case No.:   C07-5265 EMC<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (12(b)(6)**<br><br>**Date:  November 28, 2007**<br>**Time:  1:30 p.m.**<br>**Court: C** |

Defendant Provident Life & Accident Insurance Company (erroneously sued as Unumprovident Insurance Company ("Defendant") respectfully submits these points and authorities in support of its motion to dismiss the first, second, third, seventh and eighth cause of action of Plaintiff's Complaint herein pursuant to FRCP 12(b)(6) on the grounds that none of these causes of action state a claim for relief. Defendant further moves to dismiss the fourth, fifth and sixth causes of action as a result of the absence of any charging allegations.

## I. PLAINTIFF'S COMPLAINT

Plaintiff has filed an eight count complaint against Defendant.

### A. First Cause of Action: "Violations of the Fair Debt Collection Practices Act"

Paragraph 1 alleges this count under the Fair Debt Collection Practices Act (the "Federal Act") 15 U.S.C. § 1600, *et seq.* However, later in the cause of action Plaintiff confusingly references the Robbins Rosenthal Act (the "California Act"): "California has adopted legislation incorporating the FDCPA into the state's substantive law" (Complaint, ¶ 10) and requests statutory damages under both statutes without setting forth the different proof requirements for each statute. (Complaint, ¶ 10; Prayer ¶ ¶ 5, 6).

Plaintiff alleges that Defendant "was in the business of providing disability insurance" and "was concurrently in the business of collecting debts, including in this instance debt(s) allegedly owed by Plaintiff to Defendant for receipt of over-payment of benefits to Plaintiff …" (Complaint, ¶ 6) Plaintiff further alleges that the debt in question was for "reimbursement of alleged overpayments." (Complaint, ¶ 8).

Thus, Plaintiff's allegations are limited to Defendant's conduct regarding its efforts to collect the reimbursement of an insurance overpayment it had made. There are no allegations that Defendant sought to collect a consumer debt on behalf of another, that the obligation arose as a result of a consumer credit transaction, or that the conduct took place within the State of California.

-1-

DEFENDANT'S MOTION TO DISMISS

CASE NO. C07-5265 EMC

**B. Second Cause of Action: "Unfair Business Practices Under B&P Code § 17200"**

Paragraph 15 alleges that Defendant has "designed, created and continues to operate its business in an unfair, illegal and fraudulent manner, engaging in unlawful debt collection practices such as, *inter alia*, making telephone calls to clients like Plaintiff herein and erroneously reporting creditworthiness to third party credit reporting agencies; by continuing collection efforts without first 'verifying' the subject debt when the same has been requested of Defendants by the ostensible debtor pursuant to the FDCPA." Plaintiff does not specify whether she is referring to the Federal Act or the California Act as the predicate act for a 17200 action.

There are no further charging allegations in the second cause of action.

**C. Third Cause of Action: "Permanent Injunction"**

Paragraph 16 realleges the prior paragraphs supporting the first and second causes of action and alleges that Plaintiff is "a victim of the unfair business practices of Defendant as set forth above …" However, Plaintiff does not specify which statute (they are different, as noted below) she is referring to or exactly what conduct she seeks to enjoin.

There are no further charging allegations in the third cause of action.

**D. Fourth Cause of Action: "Intentional Infliction of Emotional Distress"**

There are no separate charging allegations identified in this cause of action. Rather, paragraph 20 simply incorporates the allegations contained in the first and second causes of action.

**E. Fifth Cause of Action: "Breach of Insurance Contract"**

Again, paragraph 24 incorporates the allegations contained in the first and second causes of action and merely makes conclusory reference to the contract and the breach, without setting forth its material terms, attaching it as an exhibit or providing any detail regarding the alleged breach.

**F. Sixth Cause of Action: "Breach of the Covenant of Good Faith and Fair Dealing"**

There are no separate charging allegations in this cause of action which should set forth the supposed conduct which constitutes a breach of the implied covenant. The only factual

references are by incorporation (Complaint, ¶ 28) of the allegations contained in the first and second causes of action

### G. Seventh Cause of Action: "Defamation of Character – Slander and Libel"

There is only one charging paragraph in this cause of action: "At all relevant times herein mentioned, Defendants, and each of them, knowingly and intentionally made false and unprivileged written and/or oral [sic] to third parties exposing Plaintiff to contempt, ridicule and or obloquy which actually and proximately caused Plaintiff to be shunned, avoided and to suffer actual damages … [citations]. Such third parties included credit reporting agencies." (Complaint, ¶ 35)

No detail is provided in paragraph 35 or any of the incorporated-by-reference paragraphs as to the actual statement(s) (written or oral) which Plaintiff alleges to be defamatory or how she is able to plead around her lack of standing under the Fair Credit Reporting Act.

### H. Eighth Cause of Action: "Insurance Bad Faith"

Plaintiff's final cause of action consists of two paragraphs which allege that Defendant "unilaterally and without justification ceased to pay to Plaintiff benefits due under the policy of insurance" (Complaint, ¶ 37) and "failed and refused, in bad faith, to pay to Plaintiff the benefits due to her under the insurance contract." (Complaint, ¶ 38)

## II. DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of a claim or claims in the complaint. If, as alleged, there is either a "lack of cognizable theory" or "the absence of sufficient facts alleged under a cognizable legal theory" it should be granted. *Balistreri v. Pacifica Police Dept,* 901 F.2d 696, 699 (9th Cir. 1990).

1  **A.    There is No Basis for Either a Federal or State FDCPA Claim.**
2  **(First Cause of Action)**

4  As noted above, the first cause of action improperly and confusingly conjoins claims under both the Federal Act and the California Act. For the reasons that follow, neither statute will support a cause of action against Defendant.

**1.    Plaintiff Cannot Pursue a Claim Under the Federal Act Because Defendant is Not a Debt Collector**

The sweeping legal conclusions asserted in Plaintiff's first cause of action -- that the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 a, *et seq.* ("FDCPA" or "the Federal Act") applies in this case -- are simply legal conclusions which the Court need not accept as true. *In re Delorean Motor Co*. 991 F.2d 1236, 1240 (6th Cir. 1993); *Transphase Systems, Inc v. Southern Calif. Edison Co*. 839 F. Supp. 711, 718 (C.D. Cal. 1993).    In general, the FDCPA arose to prevent third-party debt collectors from "collection abuses such as use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (citations and internal quotation marks omitted). The FDCPA applies only to acts by statutorily-defined "debt collectors" to collect a statutorily-defined "debt." Whether a defendant is a debt collector is a threshold issue for FDCPA claims. *Hulse v. Ocwen Federal Bank, FSB, et al.*, 195 F. Supp. 2d. 1188, 1203 (D. Or. 2002). Plaintiff's first cause of action fails because her own allegations confirm that Defendant is not a statutory "debt collector" subject to the Act.

The term "debt collector" in the FDCPA is defined as follows:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [T]he term includes any creditor who, in the

-4-

process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts . . . . The term does not include-(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor . . . .   15 U.S.C.A. § 1692a (6).

As is evident in the plain language of this definition, a "debt collector" under the Act includes "(1) persons in a business the ***principal purpose*** of which is the collection of debts, (2) persons who regularly collect or attempt to collect, directly or indirectly, ***debts owed or due another***, and (3) creditors, who in the process of collecting their own debts, use any names which would indicate that a third person is collecting or attempting to collect such debts." (emphasis added) *Kempf v Famous Barr Co.*, 676 F. Supp. 937, 938 (E.D. Mo. 1988) (*citing Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1483-84 (M.D. Ala. 1987); *Horne v. Farrell*, 560 F.Supp. 219, 224 (M.D. Pa. 1983)).  The FDCPA *does not apply* to the activities of creditors collecting their own debts in their own names.   Instead, the Act elsewhere distinguishes the term "creditor"[1] and explicitly exempts creditors collecting their own debts from its definition of a "debt collector."  *See* 15 U.S.C.A. § 1692a (6)(F)(ii) ("The term does not include  . . . (F) any person collecting or attempting to collect any debt . . . asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person . . . ."). As noted in *Gorman v. Wolpoff & Abramson, LLP*, 435 F. Supp. 2d 1004, 1011 (N.D. Cal. 2006), the distinction between creditors and debt collectors "is fundamental to the FDCPA, which does not regulate creditors' activities at all." *See also Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005); *Zsamba ex rel. Zsamba v. Community Bank*, 63 F. Supp. 2d 1294 (D. Kan. 1999); *Buckman v. American Bankers Ins. Co. of Florida*, 115 F.3d 892 (11th Cir. 1997).   This has been termed the 'originator exception' and the statute protects originators "because first, as a society we want to encourage the

---

[1] "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."  15 U.S.C.A. § 1692a(4).

-5-

DEFENDANT'S MOTION TO DISMISS

CASE NO. C07-5265 EMC

1  lending of funds, and second, Congress targeted those in the business of collecting funds owed to
2  others." *Hulse v. Ocwen Federal Bank, FSB, et al.*, 195 F. Supp. 2d. at 1202-1203.
3       In this case, Defendant is not a "debt collector" subject to FDCPA requirements.  As
4  indicated in the Complaint, Defendant is an insurance company whose principal business is
5  insurance, not debt collection, and there is no allegation in the complaint that Unum regularly
6  collects debts "owed or due another." *See* 15 U.S.C.§ 1692a(6); *James v. Ford Motor Credit Co.*,
7  842 F. Supp. 1202 (D. Minn. 1994) (noting that Ford Motor Company and auto finance companies
8  are not "debt collectors" because their primary business is not the collection of debts.").
9  Furthermore, based on Plaintiff's uncontradicted allegations, Defendant sought reimbursement for
10 alleged overpayment of certain benefits paid to Plaintiff by Defendant itself.  (Complaint, ¶¶ 6, 8).
11 Because the FDCPA excludes from "debt collector" status those persons attempting to collect debts
12 allegedly owed to themselves – i.e. creditors collecting their own accounts – Defendant is not a
13 "debt collector."
14      The conclusory allegations in Plaintiff's complaint that Defendant is a "debt collector"
15 within the meaning of the FDCPA is incorrect as a matter of law, and Plaintiff's first cause of action
16 should therefore be dismissed.

17      **2.**    **Plaintiff Cannot Pursue a Claim Under the California Act Because**
18              **There Is No Consumer Credit Transaction Defendant Does Not**
19              **Regularly Collect  Consumer Debts and it Only Governs Conduct**
20              **Within the State of California**

21      The California Act, Civil Code § 1788, *et seq.*, (the "California Act") is similar to, but
22 not identical to the Federal Act.  The California Act governs collection of "consumer debts" by
23 "debt collectors." (Civil Code § 1788.2 (c, e and f))  The primary difference with the Federal Act
24 is that it does include debt collection on behalf of the creditor (as opposed to third parties only)
25 and further,  only applies to conduct within the state of California.
26      The act defines "consumer debt" as "money, property or their equivalent, due or owing or
27 alleged to be due or owing from a natural person by reason of a consumer credit transaction."
28 (Civil Code § 1788.2 (f)).

-6-

DEFENDANT'S MOTION TO DISMISS

CASE NO. C07-5265 EMC

1  A 'consumer credit transaction' is defined as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family or household purposes." (Civil Code § 1788.2 (e))  In other words, there is only a consumer credit transaction when the consumer acquires something without paying for it. *Gouskos v. Aptos Village Garage, Inc*. 94 Cal. App. 4th 754, 759 (2001).

A 'debt collector' is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." (Civil Code § 1788.2 (c))

Thus, to pursue a claim under the California Act, Plaintiff must prove that the insurance overpayment made to her was actually a credit transaction and that Defendant's ordinary course of business is debt collection.  To do this she must allege that the overpayment was an extension of credit for which she paid nothing.  Further, she must allege that Defendant regularly engages in debt collection – that is collecting debts from consumers who acquired credit without paying for it.

However, she has alleged that Defendant's ordinary course of business is to provide disability insurance (Complaint, ¶ 6) and its "concurrent" business is to collect debts such as "allegedly owed by Plaintiff to Defendant for receipt of over-payment of benefits to Plaintiff …" (Complaint, ¶ 8).  In other words, by the very terms of her pleading she has demonstrated that Defendant's attempt to obtain reimbursement of monies paid to her in overpayment for insurance benefits cannot possibly be the collection of a consumer debt resulting from a consumer credit transaction by a debt collector, as required by the California Act.  This is because: (1) the overpayment is not "a transaction … in which …money is acquired on credit… ." (Civil Code § 1788.2 (e)); and (2) the Defendant's ordinary course of business is not debt collection. (Complaint, ¶ 6)

Moreover, the California Act does not extend beyond California's borders, that is, it does not "govern conduct outside of California." *Yu v. Signet Bank/Virginia* 69 Cal. App. 4th 1377, 1396-97 (1999).   While Plaintiff is coy in her pleadings regarding Defendant's citizenship, in

1  Defendant's removal papers it is properly alleged that Defendant's principal place of business is
2  Chattanooga, Tennessee, and since the conduct alleged by Plaintiff was made by Defendant's
3  claims personnel it was done outside California.
4      Accordingly, there is no basis for a cause of action under the California Act and there is
5  no possible amended pleading that could be filed which would create a viable cause of action.
6
7      **B.**    **The California Courts Have Consistently Held That a 17200 Claim**
8          **Does Not Lie in an Insurance Bad Faith Action (Second Cause of Action)**
9
10      The California courts have expressly found that a cause of action under B&P Code
11  Sections 17200, *et seq*. cannot be pled in an insurance bad faith lawsuit.  The analysis begins
12  with the seminal Supreme Court decision in  *Moradi-Shalal v. Fireman's Fund Ins. Companies,*
13  46 Cal.3d 287 (1988).
14      In *Moradi-Shalal* the Supreme Court reversed its earlier decision in *Royal Globe Ins. Co.*
15  *v. Superior Court*, 23 Cal. 3d 880 (1979), holding that there was no private right of action under
16  Insurance Code section 790: "Neither section 790.03 nor section 790.09 was intended to create a
17  private civil cause of action against an insurer that commits one of the various acts listed in
18  section 790.03(h)." *Id*. at 304.
19      Because *Moradi-Shalal* involved a third party claim, a subsequent appellate decision,
20  *Zephyr Park v. Superior Court,* 213 Cal.App.3d 833, 836-838 (1989), addressed whether
21  *Moradi-Shalal's* rationale also barred first party claims.  *Zephyr Park* concluded *Moradi-Shalal*
22  "mandates the exclusion of all private causes of action [under section 790.03], whether first or
23  third party. [Fn. omitted.]"  *Zephyr Park, supra,* at p. 837.   *Zephyr Park* observed that *Moradi-*
24  *Shalal's* treatment of the issue by other jurisdictions is not limited to the question of third party
25  claims ( *Zephyr Park, supra,* 213 Cal.App.3d at p. 837; *Moradi-Shalal, supra*, 46 Cal.3d at pp.
26  297-298) and further noted that scholarly criticism and the legislative history of *Moradi-Shalal*
27  reveals that decision consistently refers to "'private rights of action'" generally, rather than to
28  third party rights. ( *Zephyr Park, supra,* at p. 837; *Moradi-Shalal, supra,* at pp. 298-300.)  Two

1  years after *Moradi-Shalal,* appellate courts continued to find that no cognizable claim could be
2  presented under Section 17200.  First,  in *Safeco Ins. Co. v. Superior Court,* 216 Cal. App. 3d
3  1491, 1494 (1990), the court found that it had "no difficulty in [holding] the Business and
4  Professions Code provides no toehold for scaling the barriers of *Moradi-Shalal* ... To permit
5  plaintiff to maintain this action would render *Moradi-Shalal* meaningless".  *Id*.

6  Second, *Maler v. Superior Court,* 220 Cal. App. 3d 1592, 1598 (1990), found that
7  plaintiffs "cannot circumvent that ban [against private actions under Ins. Code, § 790.03] by
8  bootstrapping an alleged violation of section 790.03 onto Business and Professions Code section
9  17200".

10  *Moradi-Shalal, Zephyr Park, Safeco and Maler* were synthesized in *Textron Financial*
11  *Corporation v. National Union Fire Insurance Co.,* 118 Cal. App. 4th 1061 (2004). *Textron* noted
12  that *Moradi-Shalal* did not contemplate suits brought under California's unfair practices statutes
13  against insurance companies, rather it held that:

14  "the Unfair Insurance Practices Act (Ins. Code, § 790 et seq.) does not create a private
15  cause of action against insurers who violate its provisions. (Citation omitted) This rule
16  applies to both first party and third party claims. (Citations omitted)  While insurance
17  companies are subject to California laws generally applicable to other businesses,
18  including laws governing unfair business practices (Citation omitted) parties cannot plead
19  around *Moradi-Shalal*'s holding by merely relabeling their cause of action as one for
20  unfair competition." (*Textron*, 118 Cal. App. 4th @ 1070-71; petition for review and
21  depublication request denied, 2005 Cal. LEXIS 8715.)

22  Numerous courts, in addition to *Textron*, have since held that unfair practices claims
23  based on alleged violations of the unfair practices statutes are barred by *Moradi-Shalal*.  See
24  also, *Fairbanks v. Superior Court,* 154 Cal. App. 4th 435, 447, fn9 (August 22, 2007) ;
25  *Permanent General Assurance Corp v. Superior Court,* 122 Cal. App. 4th 1493, 1498 (2004).

26  The Ninth Circuit also reached the same result in *Spirtos v. Allstate Ins. Co*., 173 Fed.
27  Appx. 538, 540,  2006 U.S. App. LEXIS 5259 (9th Cir. 2006).

28

Moreover, the supposed basis for the 17200 cause of action is the violation of the FDCPA. Since there is no cause of action that Plaintiff can plead under the FDCPA, there is no basis for the second cause of action either.

### B. There is No Basis for a Permanent Injunction (Third Cause of Action)

Plaintiff's sole allegation is that she is the supposed "victim of the unfair business practices of Defendant, as set forth above." (Complaint, ¶ 16) Thus, this cause of action is based on entirely on the allegations set forth in the first cause of action. As there is no basis for a FDCPA cause of action, there is nothing to enjoin and this cause of action also fails.

### D. Plaintiff's Defamation Claim is Preempted as She Has Failed To Allege Malice and Has Failed to Allege Facts with Sufficient Specificity to Support Her Claim for Defamation (Seventh Cause of Action)

The regulation of the responsibilities of a furnisher of information to credit reporting agencies is generally preempted by 15 U.S.C. § 1681t(b), the Fair Credit Reporting Act (the "FCCRA"). (*Gorman v. Wolpoff & Abramson, LLP*, 435 F. Supp. 2d 1004, 1010 (N.D. Cal. 2006). However, the FCRA does not provide a private right of action. (15 U.S.C. § 1681t (b), *Nelson v. Chase Manhattan Mortgage Co.*, 282 F.3d 1057, 1059 (9th Cir. 2002). The only exception to this bar is found in 15 U.S.C. § 1681h (e), which permits a state law libel claim if the Plaintiff alleges "malice or willful intent to injure" and identifies "which statements are libelous and when they were made." *Gorman, supra*, 435 F. Supp 2d at 1009.

Thus Plaintiff's seventh cause of action fails because it: (1) does not allege malice or willful intent; (2) does not specify what statements and writings were made; (3) does not state to whom the allegedly libelous statements were made; or (4) when they are made. Further, without a FDCPA cause of action to rely on, there is no basis for this claim.

Consequently, Plaintiff's seventh cause of action should be dismissed.

///
///
///

### E.  There is No Cause of Action for Insurance Bad Faith
### (Eighth Cause of Action)

Plaintiff has alleged a cause of action for breach of the implied covenant. This 'bad faith' cause of action simply does not exist. *Moradi-Shalal v. Fireman's Fund Ins. Companies,* 46 Cal.3d 287 (1988), held that there is no private right of action under Insurance Code section 790, thus leaving plaintiffs with the more-than-sufficient implied covenant cause of action.

### F.  If the Court Grants the Motion to Dismiss, the Fourth Fifth
### and Sixth Causes of Action Also Must Fail

The fourth, fifth and sixth causes of action incorporate the charging allegations found in the first cause of action (fourth cause of action: ¶¶ 20-21; fifth cause of action ¶ 4; sixth cause of action ¶ 28). Without support from the first cause of actions' allegations, these causes of action must also fail.

## III.  CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court issue an order dismissing Plaintiff's First, Second, Third, Seventh and Eighth Causes of Action without leave to amend. Defendant further requests that the Court issue an order dismissing the Fourth, Fifth and Sixth Causes of Action.

KELLY, HERLIHY & KLEIN LLP

Dated: October 22, 2007            By_____/s/_____
                                         John C. Ferry
                                      Attorneys for Defendant
                                   PROVIDENT LIFE AND ACCIDENT
                                    INSURANCE COMPANY (erroneously sued as
                                   UNUMPROVIDENT INSURANCE COMPANY

E:\27235\P04.doc

-11-

DEFENDANT'S MOTION TO DISMISS

CASE NO. C07-5265 EMC